## W.N.O.W., Inc. v. Barry

*Richard H. Horn,* for plaintiff.

*Judson E. Ruch* and *Robert H. Griffith,* for defendants.

SHADLE, J., August 12, 1963.—Plaintiff by its complaint sought to enjoin the individual defendant as its former employe, and the corporate defendant as his present employer, from violating a covenant against competition in plaintiff's former employment contract. In an adjudication, the chancellor refused the prayer of the complaint and dissolved a preliminary injunction previously granted.

Plaintiff has filed exceptions to certain of the findings

and conclusions and the decree nisi of the adjudication. Argument was had before the court en banc, and this opinion and order are filed on its behalf.

The only finding of fact excepted to was the seventh not the fifth, as plaintiff alleges, wherein it was stated that pursuant to plaintiff's employment of Barry, the latter moved his home and family to York, Pa., and that the moving costs were shared by the parties. Plaintiff objects that this finding is irrelevant and immaterial. We think this fact had some relevance in considering the possible effect of enforcement of the covenant against the employe. However, since the covenant was found to be unenforceable for other reasons than the effect of its enforcement on the employe, the presence or absence of this finding does not affect plaintiff's case, and the exception is without merit.

The remaining exceptions were to the court's conclusions of law, and the court's failure to adopt certain conclusions requested by plaintiff. They resolve themselves into two propositions advanced by plaintiff: (1) That the covenant should be enforced because Barry read and understood the covenant and freely and voluntarily signed the employment contract containing it, and (2) that the covenant was ancillary to an existing employment relationship, and that continued employment thereunder furnished sufficient consideration to render the covenant enforceable.

Plaintiff has cited no authority, and we have been unable to discover any, that a covenant against competition otherwise invalid, is rendered enforceable by the sole fact that the employe read, understood and signed it without duress. As a matter of fact, the record discloses that Barry was at least subjected to economic pressure when he was told a week after he was employed that unless he signed the contract he would be summarily dismissed. Plaintiff points this out in its brief. Be this as it may, the enforceability of such anti-

competition covenants depends not on whether they are knowingly and voluntarily executed, but on whether they are relieved from the condemnation of public policy by being ancillary to the formation of employment contracts. See Morgan's Home Equip. Corp. v. Martucci, 390 Pa. 618 (1957).

Plaintiff seeks to interpret the Morgan case as holding that a covenant against competition is valid if made after the employment relationship was established. It reaches this conclusion by pointing out that Morgan cited section 515(e) of the Restatement of Contracts, wherein it is said that such covenants are unreasonable unless "ancillary . . . to . . . an existing employment or contract of employment." Says plaintiff, since in the Morgan case, and here, the parties were *already involved* in an employment relationship, this was sufficient to validate their post-employment covenant against competition.

If this interpretation were correct, the Supreme Court in the Morgan case used a lot of words to no useful purpose. The court went to great pains to point out that the parties had not actually entered into a permanent employment relationship until the time the competition covenant was executed. Said the Supreme Court:

". . . [the] employes were retained on a provisional basis, and regular employment was not offered until the time of the signing of the covenants. . . We believe that the phrase 'taking of employment' denotes the entering into a regular employment relationship in contradistinction to provisional employment. Since the relationship was not established until the time of the signing of the agreement we arrive at the determination that the general covenants not to compete were ancillary to the employment relationship."

We believe the Morgan case makes it unmistakably clear that it is the conjunction of the formation of the

employment contract and the execution of a covenant against competition, and not the fact that the parties previously related themselves as employer and employe, which furnishes validity to such covenants.

The adjudication pointed out the division of authority on the question of whether post-employment anti-competition covenants are valid. It was there stated that Markson Bros. v. Redick, 164 Pa. Superior Ct. 499 (1949), establishes the Pennsylvania rule that a covenant not to compete made five months after employment is invalid. The reason given in that case was lack of consideration for the employe's promise. Plaintiff argues that consideration was absent in the Markson case because it was not there shown that the employe would have been discharged unless he agreed not to compete, and he thus received nothing in return for his covenant. Here, plaintiff argues, Barry benefited by continued employment on signing the contract, and would have been discharged had he not done so. Markson does not support this distinction. The prior employment there was at will, "terminable at any time," and the competition covenant was later signed by the employe "at the insistence of plaintiff's district manager." While the record in Markson does not disclose an express threat of immediate dismissal, it is carrying naivete too far to assume that the Markson covenant was submitted as a matter of free choice, with continued employment permanently assured whether it was signed or not.

We conclude that the instant covenant against competition, being executed after the employment contract already was in existence, was not ancillary to the contract of employment, was not supported by consideration passing to the employe, and therefore was unenforceable as against public policy. We note, incidentally, that the period during which competition was to be restricted will expire on August 18, 1963, after

which the question of the validity of the covenant will have become moot.

*Order*

And now, August 12, 1963, at 9 a.m. (EDT), plaintiff's exceptions to the adjudication are dismissed, the decree nisi is affirmed, and it is directed that the same be entered as the final decree. The prothonotary shall give prompt notice of the entry thereof. An exception is noted for plaintiff.